# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA HUIZAR,<br><br>              Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>              Defendants. | Case No. 1:17-cv-00322-LJO-EPG<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. 42) |

## I. <u>PRELIMINARY STATEMENT TO PARTIES AND COUNSEL</u>

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno

Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

On March 6, 2017, Plaintiff Sandra Huizar ("Plaintiff") filed the original complaint with this Court. Doc. 1, Complaint ("Compl."). Through this suit, Plaintiff brings two claims: Count 1, violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. against Defendants Experian Information Solutions, Inc., Trans Union LLC, and Equifax Information Services, LLC (collectively, "Credit Bureaus Defendants"); and Count 2, California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1 et seq. against Defendants Bank of America, N.A., Wells Fargo Bank, N.A., Comenity Bank / Lane Bryant (collectively, "Furnisher Defendants"). Plaintiff alleges that Defendant Bank of America, N. A. ("Defendant") violated the CCRAA by wrongfully reporting inaccurate derogatory information related to Plaintiff's credit score. Compl. ¶ 5.

Pending before the Court is Defendant's motion to dismiss Plaintiff's CCRAA claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed her opposition (Doc. 31), and Defendant filed its reply (Doc. 32). The Court took the matter under submission on the papers pursuant to Local Rule 230(g). Doc. 33. For the reasons that follow, the Court denies Defendant's motion

## III. FACTUAL BACKGROUND[1]

On or about April 30, 2011, Plaintiff filed for a Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of California (the "Bankruptcy"). Compl. ¶ 88.

On or about July 13, 2011, Plaintiff was subsequently approved for a Bankruptcy Wage Earner Repayment Plan (the "Plan"). *Id*. ¶ 97. If Plaintiff completed repayment of the Plan to the Bankruptcy Trustee, she would extinguish her previous debt to Defendant. *Id*. ¶¶ 98, 99. Plaintiff complied with the

---

[1] This Court accepts the factual allegations in the complaint as true for purposes of this motion. *See Lazy Y. Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir.2008).

terms of the Plan over the agreed three-year period. *Id*. ¶ 108. On or about September 3, 2014, the Bankruptcy Trustee filed the "Chapter 13 Standing Trustee's Final Report and Account" that reflected Plaintiff's completion of the Plan. *Id*. ¶ 109. Subsequently, the "Bankruptcy Noticing Center" put the Defendant on notice of the order through first class mail. *Id*. ¶ 109.

On October 28, 2014, Plaintiff's successful completion of the Plan was confirmed by the Bankruptcy Court's "Discharge of Debtor after Completion of Chapter 13 Plan" order. *Id*. ¶ 110. On or about October 28, 2014, the Bankruptcy Noticing Center put the Defendant on notice of the order through first class mail. *Id*. ¶ 111. Therefore, according to Plaintiff, Defendant's credit report should have reported the debt as "Discharged" with no outstanding amount owed, reflecting the completion of the Plan. *Id.* ¶ 212.

Instead, Plaintiff asserts that Defendant, in its capacity as a consumer credit reporting agency ("CRA"), reported Plaintiff's account inaccurately in three separate credit reports. Plaintiff obtained two credit reports on June 27, 2016, and one credit report on September 29, 2016. *Id.* ¶¶ 185-87. Plaintiff alleges that on those reports Defendant "continued reporting information based on [Defendant's] pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the bankruptcy filing and confirmation of the Bankruptcy Plan, thereby rendering the disputed information inaccurate and materially misleading." *Id.* ¶ 115. Plaintiff alleges that credit reports furnished by Defendant inaccurately reflect Plaintiff as delinquent with a "charged off" status, and an outstanding balance amount of $82,691 as of October 31, 2014. *Id.* ¶¶ 185-87. As Plaintiff asserts, "[Defendant] inaccurately and misleadingly suggested that Plaintiff still has a personal legal liability to pay the alleged Debt to [Defendant]" as opposed the true amount of $0. *Id.* ¶ 199. Thus, Plaintiff asserts that Defendant reported "inaccurate, misleading, and derogatory information" in these three reports because the reports should have reflected a "discharged" status with no outstanding amount owed, in violation of the CCRAA. *Id.* ¶ 185.

3

## IV. STANDARD OF DECISION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts the allegations in the complaint as true, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Kwan v. SanMedica International* 854 F.3d 1088, 1096 (9th Cir. 2017).

To survive a 12(b)(6) motion, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint...may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint...must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at

562; *see also Starr*, 652 F.3d at 1216 ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief").

## V. ANALYSIS

### A. Statutory Framework

Section 1785.25(a) of the CCRAA provides: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). While the FCRA preempts most state laws concerning the duties of persons who furnish information to CRAs, Congress expressly exempted claims under § 1785.25(a) from preemption:

> No requirement or prohibition may be imposed under the laws of any State
> . . . with respect to any subject matter regulated under . . . section 1681s-2
> of this title, relating to the responsibilities of persons who furnish
> information to consumer reporting agencies, except that this paragraph
> shall not apply . . . with respect to section 1785.25(a) of the California
> Civil Code (as in effect September 30, 1996).

15 U.S.C. § 1681t(b)(1)(F); *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 888 (9th Cir. 2010) (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1173 (9th Cir. 2009)). As the Ninth Circuit explicitly held, "the private right of action to enforce [§ 1785.25(a)] is not preempted by the FCRA." *Gorman*, 629 F.3d at 1173.

#### 1. § 1785.25(a) Claim[2]

Plaintiff alleges a § 1785.25(a) claim based on the allegation that Defendant, knowing that the information was false, reported to CRAs that Plaintiff was delinquent on her account and had an outstanding balance. Under § 1785.25(a), "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know

---

[2] Defendant argues Plaintiff's claim is based on § 1785.1 because the complaint's first page states that the claim is brought under "1785.1 et seq." *See generally* Doc. 17. Defendant argues § 1785.1 is preempted by FCRA. Doc 31. at 13. However, Plaintiff's complaint states several times that her CCRAA claim is brought under § 1785.25(a). *See* Compl. ¶ 265 ("Thus, Defendants violated Cal. Civ. Code. § 1785.25(a)."); ¶ 226 ("BANA has violated Cal. Civ. Code § 1785.25(a) by furnishing information to the Bureaus . . . that BANA knew or should [have] known was inaccurate and materially misleading").

the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). The phrase "incomplete or inaccurate" in § 1785.25(a) requires furnishers of credit information from "not only refrain[ing] from making any reports that are obviously wrong or missing crucial data, but also that the reports not contain information that is materially misleading." *Kuns v. Ocwen Loan Servicing, LLC*, 611 Fed. App'x 398, 400 (9th Cir. 2015). Moreover, CRAs must adopt procedures that assure the "maximum possible accuracy" of credit reports. *Carvalho*, 629 F.3d at 890 (citing 15 U.S.C. § 1681e(b); Cal. Civ. Code. § 1785.14(b); *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 46 (1995)).

This standard is met when a complaint plausibly alleges that a furnisher failed to report a debt as discharged. *Venugopal v. Dig. Federal Credit Union*, 2013 WL 1283436, at 3 (N.D. Cal. 2013). In addition, this standard is met where a furnisher reported inconsistent information, some of which was negative to the debtor. *Grantham v. Bank of America, N.A.*, No. CV12-1960 MEJ, 2012 WL 5904729, at *4 (N. D. Cal. Nov. 26, 2012).

Here, the complaint sufficiently alleges that Defendant made reports that were "incomplete or inaccurate" and "materially misleading." *Kuns*, 611 Fed. App'x at 400. As in *Venugopal*, Plaintiff asserts that Defendant "continued reporting information based on [Defendant's] pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the bankruptcy filing and confirmation of the Bankruptcy Plan, thereby rendering the disputed information inaccurate and materially misleading." Compl. ¶ 115. Plaintiff asserts, and Defendant concedes, that her bankruptcy was discharged in October 28, 2014. *Id.* ¶ 110; Doc. 32 at 3. Plaintiff alleges that three separate reports issued after her bankruptcy discharge show Defendant reported an inaccurate "charged off" status with outstanding balance amounts. Compl. ¶¶ 185-87. These reports should have reported the debt as "discharged" with no outstanding amount owed, reflecting the completion of the Plan. *Id.* ¶ 221.

Further, as in *Grantham*, Plaintiff alleges Defendant furnished inaccurate information, which was negative to herself. Plaintiff asserts "[Defendant] inaccurately and misleadingly suggested that Plaintiff still has a personal legal liability to pay the alleged Debt to [Defendant]" as opposed the true outstanding

amount of $0. *Id.* ¶ 199. Therefore, Plaintiff has sufficiently alleged that Defendant violated § 1785.25(a) because this information is "incomplete or inaccurate" and "materially misleading." *Kuns*, 611 Fed. App'x at 400.

Moreover, Plaintiff sufficiently alleges that Defendant knew, or should have known, its reporting was inaccurate. "The statutory term 'should have known imparts a test of reasonableness.'" *Holmes v. NCO Fin. Services, Inc.*, 538 Fed. App'x 765, 766 (9th Cir. 2013) (citing *Shultz v. Dep't of Army,* 886 F.2d 1157, 1160 (9th Cir. 1989)). The *Holmes* court concluded that a reasonable debt collector in the defendant's position, who was the last of four debt collectors to have handled the plaintiff's account, should have known that the plaintiff's account was disputed because the defendant was not able to access essential information through their web portal. *Id.* Unlike in *Holmes*, where the debt collector was passed the information from previous collectors, Plaintiff alleges that the Bankruptcy Court directly sent Defendant multiple notices of her bankruptcy completion through first class mail. Compl. ¶¶ 109-10. These notices are sufficient to inform Defendant that a "charge off" status with an outstanding balance amount would be "incomplete or inaccurate" and "materially misleading." *Kuns*, 611 Fed. App'x at 400.

Thus, taking all material allegations as true and construing them in the light most favorable to Plaintiff, the Court finds that she has stated a cognizable claim for relief under § 1785.25(a). The Court therefore DENIES Defendant's motion.

**B.**     **Statute of Limitations**

Defendant further alleges that Plaintiff has failed to meet the statute of limitations for her § 1785.25(a) claim. An action for a violation of the CCRAA "may be brought . . . within two years from the date the plaintiff knew of, or should have known of, the violation of this title, but not more than seven years from the earliest date on which liability could have arisen." *Banga v. Equifax Info. Services, LLC*, 473 Fed. App'x 712, 713 (9th Cir. 2016) (citing Cal. Civ. Code § 1785.33). "[T]he limitations period does not begin to run until the plaintiff ... discovers or a reasonably diligent plaintiff would have discovered 'the facts constituting the violation,' ... irrespective of whether the actual plaintiff undertook

a reasonably diligent investigation." *Id.* However, "the ultimate burden is on the defendant to demonstrate that a reasonably diligent plaintiff would have discovered the facts constituting the violation." *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1110 (9th Cir. 2012) (quoting *Strategic Diversity, Inc. v. Alchemix Corp.*, 666 F.3d 1197, 1206 (9th Cir. 2012)); *see also Grigoryan v. Experian Info. Solutions, Inc.*, 84 F. Supp. 3d 1044, 1058 (C.D. Cal. 2014).

In its moving papers, Defendant argues without citing any support that "Plaintiff relie[d] on alleged inaccurate reporting from October 2014." Doc. 17 at 10. Defendant therefore argues that Plaintiff's claims, filed more than two years after October 2014, are untimely. However, Plaintiff does not allege that she was aware of the allegedly inaccurate reporting in October 2014. Instead, Plaintiff asserts that she discovered Defendant's § 1785.25(a) violation on June 27, 2016, when she obtained her initial credit reports. Compl. ¶¶ 185, 86; *see* Doc. 31 at 16 n.3.

Defendant argues in its reply brief that Plaintiff "should have been specifically focused on the impact of the discharge on her various debts and credit reporting, thereon around [the time of the bankruptcy discharge, October 2014]." Doc. 32 at 3. Thus, according to Defendant, "Plaintiff could have, and should have, known about any delinquent reporting in 2014," meaning that her complaint, filed on March 6, 2017, is untimely. *Id.* (internal citations omitted).

While the "district court need not consider arguments raised for the first time in a reply brief," this Court will do so here. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). As noted above, Defendant bears the burden of demonstrating that Plaintiff reasonably should have discovered the facts in October of 2014. *Drew*, 690 F.3d at 1110. Here, Defendant argues in wholly conclusory terms that a "reasonably diligent plaintiff," who was recently released from all bankruptcy filing and received all files of discharge, should have known about the inaccurate reports. Defendant does not cite, and the Court cannot find, any authority to support this assertion.

In fact, another district court has held that placing "a continuing obligation to [require plaintiff] to] monitor [her] credit report . . . places an unreasonable burden on the [p]laintiff." *Banga v. Chevron,*

8

*U.S.A., Inc.*, 2013 WL 71772, at *15 (N.D. Cal. Jan. 7, 2013). The Court agrees. Therefore, the Court finds that Defendant has "not met [its] burden of showing that the claims are time barred," because Defendant fails to "demonstrate how a reasonably diligent plaintiff . . . would have discovered the violations." *See id.* As alleged, Plaintiff had no reason to suspect Defendant had misreported information until she viewed her credit reports in 2016. The statute of limitations therefore did not begin until then.

Thus, taking all material allegations as true and construing them in the light most favorable to Plaintiff, the Court finds that Plaintiff's claim is timely. The Court therefore DENIES Defendant's motion to dismiss the claim as untimely.

## VI. **CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES Defendant BANA's motion to dismiss Plaintiff's complaint under Rule 12(b)(6). Defendant must answer Plaintiff's complaint within twenty-one days of the date of this Order.

IT IS SO ORDERED.

    Dated:   **June 28, 2017**                       **/s/ Lawrence J. O'Neill**
                                                           UNITED STATES CHIEF DISTRICT JUDGE